**Robert L. SPOO, Appellant,**

v.

**Ferris F. BOOTHE et al., Appellees.**

**No. 25409.**

United States Court of Appeals, Ninth Circuit.

Dec. 20, 1971.

William Braly Murray, Portland, Or., for appellant.

Ferris F. Boothe, in pro. per.

Before KOELSCH and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Appellant appeals from an order dismissing his diversity action on the ground that appellant, whose citizenship created diversity, was not the real party in interest. Appellant sought damages for breach of appellees' warranty of title to personal property and, alternatively, damages for fraud in inducing him to purchase the personalty that he alleged was worthless. The district court ruled that appellant's resale of the personalty prior to instituting suit deprived him of his status as the real party in interest and that the real party in interest was appellant's vendee, a corporation domiciled in Oregon, as were the appellees.

Because there was no federal right in issue, the district court was required to apply the law of Oregon in ascertaining appellant's status as an appropriate party. (Peters v. Lines (9th Cir. 1960) 275 F.2d 919.) Under Oregon law, the appellant's right to maintain his action for breach of warranty in the sale of personalty is unaffected by the vendee's resale of the property prior to the institution of suit. (J. L.

---

* Hon. Wm. J. Jameson, United States District Court Judge for the District of Montana, sitting by designation.

**406**

Latture Equipment Co. v. Gruendlar Papent C. & P. Co. (1930) 133 Or. 421, 289 P. 1067.)

Appellees argue that the order can nevertheless be affirmed because the appellant could not prevail on the merits. The district court did not purport to reach the merits, and neither do we.

The order is reversed.